**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | § | |
| | § | |
| **Plaintiff-Respondent** | § | **Civil Action** |
| | § | **No. SA-10-CA-023-XR** |
| v. | § | |
| | § | **Criminal Case** |
| **JUAN EDUARDO ARELLANO-MERAZ,** | § | **No. SA-08-CR-685-XR** |
| | § | |
| **Defendant-Movant** | § | |

**SHOW CAUSE ORDER**

Before the Court is Defendant Juan Eduardo Arellano-Merz's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Defendant pleaded guilty to illegal re-entry into the United States, for which he received a forty-six month sentence.

Defendant asserts a Texas state conviction was used to enhance his sentence by sixteen points as an aggravated felony, but it was not a crime of violence. Defendant also asserts he received ineffective assistance of counsel, because counsel did not did not do any pretrial investigation regarding the use of that Texas conviction; counsel did not argue Defendant's illegal arrest and questioning (Defendant contends he was not driving when stopped by police officers); counsel advised Defendant he had a lot of time to appeal but counsel failed to file a timely notice of appeal; and counsel failed to argue meritorious issues.

Rule 2 of the Rules Governing Section 2255 Proceedings requires that the motion shall "state the facts supporting each ground." "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue" in a § 2255 proceeding. *See U.S. v. Woods*, 870 F. 2d 285, 287 (5th Cir. 1989). Relief in a proceeding collaterally attacking a sentence under § 2255 is limited to situations involving "'transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Guerra*, 94 F. 3d 989, 995 (5th Cir. 1996). Rule 4(b) of the Rules Governing § 2255 Proceedings states "[i]f it plainly appears from the face of the motion . . .

that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Defendant's claims are either conclusory or lack merit. A hearing is not required on claims based on unsupported generalizations, *United States v. Guerra*, 588 F. 2d 519, 521 (5th Cir. 1979), or on conclusory or speculative claims, *United States v. Martinez*, 181 F. 3d 627, 628 (5th Cir. 1999) (vague and conclusory allegations not sufficient to trigger a hearing or response from the government); *United States v. Fishel*, 747 F. 2d 271, 273 (5th Cir. 1984) (conclusory and speculative allegations not sufficient to warrant a hearing).

Defendant's claim regarding the use of a state conviction to elevated the offense level is not a basis for § 2255 relief, because Sentencing Guideline issues are not a basis for § 2255 relief. *See U.S. v. Vaughn*, 955 F. 2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue [and therefore such a] claim is not cognizable under the limited scope of relief available under 28 U.S.C.A. § 2255").

To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, *i.e.*, counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, *i.e.*, "[t]he Movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 689. In order to demonstrate prejudice, a petitioner must show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). To show ineffective assistance of counsel in the context of a sentencing hearing "a court must determine whether there is a reasonable probability that but for trial counsel's errors the Movant's non-capital sentence would have been significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).

Defendant's claims of ineffective assistance of counsel are conclusory. Defendant does not assert any factual basis regarding a prior conviction used at sentencing. He does not allege what the

offense was and why it could not be used to increase the offense level. Defendant does not allege a basis for a motion to suppress evidence. He simply states he was not driving when stopped by police officers. Defendant does not allege facts to show an illegal arrest or interrogation. Defendant fails to allege what the Government obtained that was used against him. Defendant does not state any meritorious issues counsel should have presented. His claims that his counsel was ineffective for failing to investigate the case, argue the illegality of the arrest and questioning, and raise meritorious issues are without merit because Defendant fails to allege how those matters would have made a material difference in his case. *See Anderson v. Collins*, 18 F. 3d 1208, 1220 (5th Cir. 1994) (allegations counsel failed to investigate and develop useful evidence not sufficient to warrant a hearing or relief absent an "affirmative showing of what the missing evidence or testimony would have been" and an explanation "why it would have been likely to make any difference in his trial or sentencing").

Moreover, Defendant does not claim, and has not alleged facts that would show, his guilty plea was involuntary due to ineffective assistance of counsel. This Court found Defendant was competent; he consented to plead guilty; he fully understood the nature of the charge and the penalties; he understood his constitutional and statutory rights and desired to waive them; and his plea was freely, knowingly, and voluntarily made. In *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), the Supreme Court stated "the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral proceedings." Where the record shows a defendant's guilty plea was knowing and voluntary, the defendant is not entitled to an evidentiary hearing in support of his claim his plea was unknowing and involuntary unless "the defendant produces independent indicia of the likely merit of his allegations, typically in the form of one or more affidavits from reliable third parties." *See U.S. v. Cervantes*, 132 F. 3d 1106, 1110 (5th Cir. 1998). The record shows that Defendant understood the charge and proceedings against him, that he understood the consequences of his plea, and that his guilty plea and waivers were knowing and voluntary. Therefore there is no basis for his claim his guilty plea was unknowing and involuntary.

Defendant asserts his attorney did not file a notice of appeal, but Defendant fails to allege he

told counsel he wanted to appeal. *See United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007).

**Defendant is directed to show cause within twenty-one (21) days why his § 2255 Motion should not be denied and dismissed for the foregoing reasons**. If Defendant fails to respond to this Order, his Motion will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

Defendant's motion to waive the three-copy rule is **GRANTED**. In a letter to the Clerk of this Court (Docket Entry # 32), Defendant asks for a complete copy of the files in this case. Construing the request as a motion, it is **DENIED**. A petitioner must show a special need for the requested records and that "[a petitioner] is not entitled to a free copy of his transcript and record to search for possible trial defects merely because he is an indigent." *Bonner v. Henderson*, 517 F. 2d 135,136 (5th Cir. 1975).

Defendant has filed a motion for leave to amend § 2255 motion (Docket Entry # 31). Defendant asserts he has been in segregated housing and in transit since August 1, 2009, without access to a law library, so he has been unable to file a proper § 2255 motion. In the letter to the Clerk (Docket Entry # 32), Defendant states he is temporarily separated from his legal work because he is in transit. In the motion for leave to amend § 2255 motion, Defendant asks he be permitted to amend and file a proper § 2255 motion once he is in his newly-assigned facility and has access to a law library. Defendant's motion for leave to amend is **GRANTED** to the extent that, consistent with this Order, **Defendant may show cause why his § 2255 motion should not de denied and dismissed for the reasons stated in this Order by filing an amended § 2255 motion within twenty-one (21) days.**

**SIGNED on January 25, 2010.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**